Appeal of OTIS WELD RICHARD-        Docket No. 1685.
SON and EDWARD B. RICHARD-
SON, Executors under the Will of
CATHERINE E. RICHARDSON,
deceased.

Submitted April 27, 1925; decided May 21, 1925.

O. W. *Richardson, Esq.*, for the taxpayer.

L. C. *Mitchell, Esq.*, and J. F. *Greaney, Esq.*, for the Commis-
sioner.

Before STERNHAGEN, TRAMMELL, and LOVE.

The taxpayer appeals from a determination under the Revenue
Act of 1921 of a deficiency in estate taxes amounting to $6,770.90.
Some of the facts were conceded.   The matters in issue were (1) the
value of securities at the time of death, and (2) whether the decedent
had made a gift in contemplation of death, within the meaning of
the statute, consisting of property transferred in trust, within two
years prior to her death.

### FINDINGS OF FACT.

Catherine E. Richardson died in March, 1922.
The Board finds that the following properties, among others not in
dispute, were included in the decedent's gross estate, and that the
values thereof at the date of death were as follows:

Real estate _____ $475,000
13 shares Proprietors Rowes Wharf Corporation, at $2,000_____   26,000
20 shares Proprietors Boston Pier & Long Wharf, at 141¼_____    2,825
140 shares Central Wharf & Wet Dock Corporation, at 130_____   18,200

The executors expended in behalf of the estate the amount of
$555.74, covering fees paid to notary public, stenographer, and at-
torney in connection with this appeal.
November 21, 1921, the decedent executed a trust instrument pur-
suant to which she transferred to the trustee therein named certain
money and securities, in trust for the payment of the education of
her grandchildren and for the payment of rent and other expenses
incurred by her sons by reason of their spending the summer near
her at her request.   The property so transferred amounted to ap-
proximately $47,000, the exact amount not being in evidence.   No
part of the amount so transferred was a gift made in contemplation
of death.
The Commissioner determined a deficiency of less than $10,000 of
estate tax.

### DECISION.

The deficiency should be recomputed by including in the gross
estate the values of real estate and securities as above listed; by
including in deductions the item of $555.74; and by excluding from
the gross estate the amount transferred by the decedent prior to her
death in accordance with the trust instrument.   Final determination
of the amount of the deficiency will be made on consent or on 20
days' notice, under Rule 50.